UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-62601-BLOOM/Valle

AMY L. MALKIN,

    Plaintiff,

v.

METLIFE INC. / METROPOLITAN LIFE
INSURANCE CO.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, ECF No. [3] ("Motion for IFP"), filed in conjunction with Plaintiff's Complaint, ECF No. [1] ("Complaint"). The Court has carefully considered the Motion, the Complaint, the record in this case, and is otherwise fully advised.

On November 20, 2020, Plaintiff filed a related lawsuit, *Malkin v. Bank of America*, 20-cv-62385 ("Related Case"), which was assigned to this Court. The Related Case was closed and the case dismissed without prejudice because Plaintiff failed to pay the filing fee and was not entitled to proceed *in forma pauperis*, she failed to establish that the Court had subject matter jurisdiction, and she failed to state cognizable claims. *See* Related Case, ECF Nos. [5]; [7]; and [10]. On December 16, 2020, Plaintiff filed the instant case, which was originally assigned to Judge Raag Singhal. ECF No. [1]. On December 18, 2020, this Court accepted transfer of the case. ECF No. [4].

Fundamental to our system of justice is that the courthouse doors will not be closed to persons based on their inability to pay a filing fee. Congress has provided that a court "may

authorize the commencement . . . or prosecution of any suit, action or proceeding . . . or appeal therein, without the prepayment of fees . . . therefore, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986); *see also Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 916 (11th Cir. 2014) ("A district court has wide discretion in ruling on an application for leave to proceed IFP."). However, "proceeding *in forma pauperis* is a privilege, not a right." *Camp*, 798 F.2d at 437.

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574

F. App'x 916, 917 (11th Cir. 2014).

Here, as in the Related Case, Plaintiff fails to satisfy the requirement of poverty for purposes of section 1915. Although the Motion for IFP represents that Plaintiff has no gross pay or wages, it also reflects that Plaintiff receives SSDI income, disability income, she has $136,000 in cash or in a checking or savings account, a 2014 Mercedes GLK valued at $10,000, an IRA valued at $36,000, and a residence worth approximately $430,000. Her liabilities reflect a home payment of $1438 monthly, a $273 monthly HOA, $500 monthly utilities, and annual payments of $7,600 for insurance and $3,000 for loan repayment. Further, her debts total approximately $112,300. Plaintiff's representations are not supported by documentation. Taken together, while Plaintiff's Motion for IFP reflects significant financial obligations, it also demonstrates an ability to support and provide necessities for herself despite payment of the required filing fee. The Court, therefore, finds that Plaintiff is not unable to pay the required filing fee as required for indigent status under section 1915. The Motion, ECF No. [3], is therefore denied.

Separately, because Plaintiff has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) are applicable. In addition to the required showing that the litigant, because of poverty, is unable to pay the court fees and costs, *Martinez*, 364 F.3d at 1307, upon a motion to proceed *in forma pauperis* the Court is required to examine whether "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint satisfies any of the three enumerated circumstances under Section 1915(e)(2)(B), the Court must dismiss the Complaint.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]o state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949). Although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain the action." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's Complaint does not set forth cognizable claims. As an initial matter, it is not fully clear what causes of action Plaintiff alleges or even the basis for the Court's jurisdiction. For instance, while the Complaint purports to be a complaint for negligence, the civil cover sheet, ECF No. [1] at 6, reflects that Plaintiff is suing Defendant for alleged "ongoing reckless misconduct, knowingly & willfully w/conscious disregard" related to hiding Bank of America's supposed misconduct. The Complaint fails to set forth any specific cause of action, invoke the elements of a negligence claim, or otherwise plausibly state a claim for relief. Further, as with the Related Case, Plaintiff fails to set forth allegations supporting that the amount in controversy requirement is met for diversity jurisdiction. Accordingly, even if the Motion for IFP had been granted, the Complaint remains subject to dismissal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 20-cv-62601-BLOOM/Valle

1. The Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. The Motion for IFP, **ECF No. [3]**, is **DENIED**.

3. The Clerk of Court is directed to **UNSEAL** and **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 21, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Amy L. Malkin
2216 NW 73 Terrace
4th Floor
Pembroke Pines, FL 33024